UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00672-GNS

FIRST MERCURY INSURANCE CO.                                                                 PLAINTIFF

v.

BABCOCK ENTERPRISES, INC.,
d/b/a R&B CONSTRUCTION; and
DOSTER CONSTRUCTION CO., INC.                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiff's Motions to Dismiss (DN 22, 24). The motions are ripe for adjudication. For the reasons that follow, the motions are **GRANTED IN PART** and **DENIED IN PART**.

I.   STATEMENT OF FACTS AND CLAIMS

This action originates from an arbitration proceeding in Louisville, Kentucky, styled *HRB Louisville LLC v. Doster Construction Company, Inc.*, Case No. 01-20-0005-1064 (pending before the American Arbitration Association) ("Underlying Arbitration"). The dispute arose from allegedly inadequate construction of student housing located near the University of Louisville. (Pl.'s Mot. Dismiss 2, DN 22). The project owner in the underlying arbitration, HRB Louisville, LLC ("HRB"), is asserting claims for defective work against Doster Construction Company, Inc. ("Doster"), the general contractor for the project, and Babcock Enterprises, Inc. d/b/a R&B Construction ("R&B"), a subcontractor who worked on exterior siding and cladding for the project. (Def.'s Am. Answer 2, DN 23).

First Mercury issued four consecutive one-year insurance policies to R&B that were in effect from December 2014 to December 2018. (Compl. ¶ 10, DN 1). The contract between Doster and R&B required that Doster be added as an additional insured to R&B's policies throughout the project and for two additional years following its completion. First Mercury defended R&B for claims of defective work asserted by HRB under a reservation of rights. Doster then tendered its defense of the Underlying Arbitration to First Mercury, which agreed to defend Doster as an additional insured under R&B policies subject to its reservation of rights under the initial, second, and third First Mercury Policies.

Each First Mercury policy issued to R&B contains an endorsement captioned "Independent Contractors Limitation of Coverage" providing that independent contractors hired by R&B must name R&B as an additional insured under the subcontractors' policies with specified amounts of coverage. First Mercury contends that R&B hired Robert Montgomery and/or Montgomery Village, Inc. ("Montgomery") as a subcontractor on the project without a written contract defining the scope of Montgomery's work. (Compl. ¶ 14). First Mercury claims that Montgomery disputes the scope of the work it was to perform under its unwritten contract with R&B.

First Mercury asserts that R&B tendered the defense of the Underlying Arbitration to Auto Owners Insurance Company ("Auto Owners"), which insured Montgomery Village on the project. First Mercury further alleges that Auto Owners declined R&B's tender on the basis that R&B was not an insured under Auto Owners' policies issued to Montgomery Village. First Mercury further claims that R&B did not satisfy conditions precedent to coverage under its policies because none of the individuals or entities that R&B used directly or indirectly to complete work on the project have insurance naming R&B as an additional insured.

On November 5, 2021, First Mercury filed this action against R&B and Doster seeking declaratory relief regarding First Mercury's duty to defend or indemnify the Defendants in the Underlying Arbitration. (Compl. ¶¶ 23-27). R&B asserted a counterclaim against First Mercury including breach of contract, common-law bad faith, Kentucky Unfair Claims Settlement Practices Act, Georgia Unfair Claims Settlement Practices Act, and breach of fiduciary duties. (Def.'s Answer & Countercl. 5-6, DN 8 [hereinafter R&B's Answer & Countercl.]). Doster also filed an amended answer and counterclaim seeking declarations of First Mercury's duty to defend or indemnify them in the Underlying Arbitration. (Def.'s Answer & Countercl. 12-14, DN 23) [hereinafter Doster's Answer & Countercl.].

In its motions, First Mercury seeks dismissal of R&B and Doster's counterclaims. (Pl.'s Mot. Dismiss, DN 22; Pl.'s Mot. Dismiss, DN 24).

## II.     JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00.

## III.     STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows a district court to dismiss a claim for failure to state a claim upon which relief may be granted. When making the determination to dismiss under Rule 12(b)(6) the court will accept all well-pleaded facts as true and make all reasonable inferences in favor of the non-movant. *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). To evade dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Phila. Indem. Ins. Co.*, 732 F.3d at 649. A counterclaim is not required to contain meticulously detailed factual allegations;

but the party asserting the claim must set forth the basis of its entitlement to relief beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570; *Phila. Indem. Ins. Co.*, 732 F.3d at 649.

## IV. DISCUSSION

### A. R&B's Counterclaims

First Mercury has moved to dismiss counterclaims asserted by R&B for failure to state a claim. (Pl.'s Mot. Dismiss 1, DN 22). In particular, First Mercury seeks dismissal of the state law[1] counterclaims for breach of contract; common-law bad faith; bad faith under the Kentucky Unfair Claims Settlement Practice Act ("KUCSPA") or the Georgia Unfair Claims Settlement Practices Act ("GUCSPA"); and breach of fiduciary duty. (Pl.'s Mot. Dismiss 4-11, DN 22).

#### 1. *Breach of Contract*

First Mercury contends that R&B fails to state a counterclaim for breach of contract. (Pl.'s Mot. Dismiss 4-6, DN 22).[2] "[A] court may grant a motion to dismiss under Civil Rule 12(b)(6) only if, after drawing all reasonable inferences from the allegations in the [counterclaim] in favor

---

[1] Federal courts sitting in diversity apply the choice of law statutes of the state in which they sit. *McKenzie v. Allconnect, Inc.*, 369 F. Supp. 3d 810, 817 (E.D. Ky. 2019) (citation omitted). Thus, Kentucky's choice of law statute will apply. At this time, no discovery has been conducted and the parties have not sufficiently briefed the issues applying Kentucky choice of law principles. Therefore, this inquiry is not appropriate for determination at this stage in the litigation. *See id.* ("While the parties mention choice of law in a conclusory manner, the Court does not have sufficient information at this juncture to engage in a comprehensive choice of law analysis. As a result, for the purposes of this 12(b)(6) motion to dismiss, the Court will consider the pleaded claims under the substantive law of both Kentucky and Utah.").

[2] The elements for breach of contract are essentially the same in Kentucky and Georgia. *See Jordan v. Hibbeln*, No. 2016-CA-000406-MR, 2018 WL 3090442, at *5 (Ky. App. June 22, 2018) ("To prove a breach of contract, the complainant must establish three things: (1) existence of a contract; (2) breach of that contract; and (3) damages flowing from that breach." (citation omitted)); *Cline v. Lee*, 581 S.E.2d 558, 562 (Ga. Ct. App. 2003) ("[T]he plaintiff in a breach of contract action has the burden of proving three elements: subject matter of the contract, consideration, and mutual assent by all parties to all contract terms." (citation omitted)).

4

of the plaintiff, the [counterclaim] still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009)). Here, First Mercury has not met their burden of proving that, taking the allegations in the light most favorable to the non-moving party, R&B fails to allege a plausible theory of relief. R&B alleges in its counterclaim that R&B had a policy with First Mercury, that First Mercury believed the defense and indemnification to be covered by the policies, and that First Mercury ignored these duties. (R&B's Answer & Countercl. 4-5). The arguments that First Mercury makes regarding what was actually covered by the policy and when the duty to defend arose are factual inquiries more appropriate for summary judgment. *See Antioch Litig. Tr. v. McDermott Will & Emery LLP*, 738 F. Supp. 2d 758, 771 (S.D. Ohio 2010). Thus, R&B has stated a claim for breach of contract.

### 2. *Common-Law Bad Faith*

Both parties discuss R&B's common-law bad faith claim under Kentucky law and therefore the Court will do the same. (Pl.'s Mot. Dismiss 5-6, DN 22; Def.'s Resp. Pl.'s Mot. Dismiss 8, DN 29). First Mercury contends that R&B's common-law bad faith counterclaim should be dismissed because R&B has failed to plead adequately the three elements of a Kentucky common-law bad-faith claim. (Pl.'s Mot. Dismiss 6-8, DN 22). Common-law bad faith claims in Kentucky require:

> (1) that the insurer was obligated to pay the claim under the terms of the policy; (2) that the insurer lacked a reasonable basis in law or fact for denying the claim; and (3) that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Phila. Indem. Ins. Co.*, 732 F.3d at 649 (internal quotation marks omitted) (citation omitted). R&B alleges:

> Without conducting a reasonable investigation based on all available information, First Mercury denied insurance coverage and insurance benefits for an unreasonable and extended period of time despite having received notice of the

>underlying action in this case as well as a request for coverage and a defense. First Mercury knew or should have known that there was no reasonable basis for their actions and delayed communications and defense.

(R&B's Answer & Countercl. 5).

R&B's allegations sufficiently state a common-law bad faith claim. First, R&B alleges that it was covered by the policy. (R&B's Answer & Countercl. 4). Second, R&B alleges that the insurer lacked basis in law or fact for denying the claim. (R&B's Answer & Countercl. 5). Finally, the counterclaim sufficiently alleges "that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed" by alleging that First Mercury denied R&B's claim "[w]ithout conducting a reasonable investigation based on all available information." *Phila. Indem. Ins. Co.*, 732 F.3d at 649; (R&B's Answer & Countercl. 5). Therefore, R&B has stated common-law bad faith counterclaim, and First Mercury's motion will be denied on this basis.

### 3.     *Breach of Fiduciary Duty*

R&B's breach of fiduciary duty counterclaim does not survive 12(b)(6) scrutiny under either Georgia or Kentucky law. First, in Georgia, courts do not recognize a fiduciary relationship between insurance companies and their insured. *Monroe v. Bd. of Regents of Univ. Sys. of Ga.*, 602 S.E.2d 219, 222 (Ga. Ct. App. 2004). Second, courts in Kentucky decline to recognize that a fiduciary relationship exists between the insurer and the insured absent allegations of extra facts indicating that a fiduciary relationship exists. *Argotte v. Nw. Mut. Life Ins.*, 99 F. Supp. 3d 726, 734-35 (W.D. Ky. 2015). Since R&B failed to plead the necessary facts, its counterclaim for breach of fiduciary duty does not survive under Kentucky law.

### 4. *KUCSPA*

First Mercury argues that R&B's bad faith claim under KUCSPA should be dismissed because R&B fails to allege damages. (Pl.'s Mot. Dismiss 8-9, DN 22). Kentucky does not allow recovery for technical violations of KUCSPA and thus "a condition precedent to bringing a statutory bad faith action is that the claimant was damaged by reason of the violation of the statute." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 533 (6th Cir. 2006) (citation omitted). R&B, however, did plead in its counterclaim that it was damaged by First Mercury's allegedly malicious behavior. In particular, it asserts that "First Mercury's undue delay and lack of clarity in issuing a letter reserving coverage denial rights greatly prejudiced R&B in the underlying litigation" and that R&B "has been damaged and unfairly been caused to incur costs, expenses, and losses to its detriment . . . ." (R&B's Answer & Countercl. 5-6). First Mercury's motion to dismiss this counterclaim is denied.

### 5. *GUSCPA*

In contrast to KUCSPA, GUCSPA does not allow for a private cause of action. *See* O.C.G.A. § 33-6-37 ("Nothing contained in this article shall be construed to create or imply a private cause of action for a violation of this article."). Accordingly, this counterclaim premised upon Georgia law will be dismissed.

### B. Doster's Counterclaim

In its motion seeking to dismiss Doster's counterclaim for declaratory judgment, First Mercury asserts Doster's counterclaim is a "mirror image" and involves the same factual and legal issues necessary to resolve Doster's affirmative defenses and the relief requested in the Complaint. (Pl.'s Mot. Dismiss 7, DN 24). First Mercury further contends Doster's counterclaim serves no useful purpose and that Doster's counterclaim against First Mercury should be dismissed for

failure to state a claim. (Pl.'s Mot. Dismiss 7, DN 24). Doster responds that First Mercury has not shown a complete identity of factual and legal issues between the Complaint and its counterclaims, and that First Mercury can show no prejudice from the counterclaims remaining in the case. (Def.'s Resp. Pl.'s Mot. Dismiss 8-9, DN 34).

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). The Sixth Circuit articulated five key factors in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), for courts to utilize in determining whether to exercise jurisdiction over a claim for declaratory relief:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to "provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.* at 326.

The issue presented pertains only to the second *Grand Trunk* factor—whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue. "Courts have evaluated whether such a 'useful purpose' exists by looking specifically at the issue of redundancy and may appropriately do so without relying on the *Grand Trunk* factors." *Malibu Media v. [Redacted]*, 705 F. App'x 402, 405-06 (6th Cir. 2017). The Sixth Circuit has affirmed dismissal of a counterclaim when the allegations in the counterclaim tracked those in the complaint

8

and were simply a "mirror image," in which issues in the counterclaim would necessarily be resolved by adjudication of the original complaint. *See id.* at 406.

First Mercury's Complaint seeks declaratory relief stating it has no duty to defend or indemnify R&B or Doster against the claims asserted in the Underlying Arbitration. First Mercury characterizes Doster's counterclaim as the mirror image of its Complaint serving no useful purpose. This is incorrect. While Doster does seek declarations regarding First Mercury's duty to defend it, this is not *all* it seeks. Doster also seeks damages incurred throughout the present litigation, as well as punitive damages. A counterclaim for declaratory judgment serves no useful purpose when "the claim 'exactly corresponds' to the plaintiff's claim 'such that resolution of one claim would entirely dispose of the other claim.'" *Owners Ins. Co. v. KW Real Est. Ventures*, No. 2:19-CV-02581, 2020 WL 6074115, at *2 (W.D. Tenn. Feb. 26, 2020) (quoting *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2014 U.S. Dist. LEXIS 100803 (W.D. Mich. July 24, 2014)). In *Owners*, the court explained that "if a counterclaim does no more than restate issues raised in a complaint, it may be dismissed as redundant under the mirror image rule." *Owners*, 2020 WL 6074115, at *2. The court in *Owners* ultimately found the defendant/counter-plaintiff had asserted a viable counterclaim and denied the motion to dismiss, stating the "counterclaim [was] not redundant because it broaden[ed] the scope of factual and legal issues plead[ed] in the complaint." *Id.*

Likewise, in the case at bar, Doster seeks relief beyond the scope of First Mercury's requested declarations, thus its counterclaim *does not* exactly correspond to the Complaint. Resolution of First Mercury's Complaint would not entirely dispose of the legal issues in Doster's counterclaim, in particular its claim for attorneys' fees and punitive damages. Because Doster's

counterclaim seeks relief beyond the scope of First Mercury's requested declarations, the motion to dismiss is denied.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss (DN 22) is **GRANTED IN PART** and **DENIED IN PART** and Plaintiff's Motion to Dismiss (DN 24) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

September 13, 2022

cc:     counsel of record