UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00672-GNS

FIRST MERCURY INSURANCE CO.                                          PLAINTIFF

v.

BABCOCK ENTERPRISES, INC. et al.                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Reconsideration (DN 147), Defendant's Motion to Amend (DN 150), and Defendant's Motion for Hearing (DN 152). The motions are ripe for adjudication.

## I.     STATEMENT OF FACTS AND CLAIMS

The Court's Memorandum Opinion and Order issued on August 29, 2025, contains a detailed statement of the facts and claims in this matter that is not necessary to repeat here. (Mem. Op. & Order 1-3, DN 142). In sum, Defendant Babcock Enterprises, Inc. ("Babcock"), entered into a global settlement agreement ("the Agreement") with Plaintiff First Mercury Insurance Co. ("FMIC") and others following a dispute over the construction of apartment housing in Louisville, Kentucky. (Mem. Op. & Order 1-2). Babcock argues the Agreement should have excepted Babcock's counterclaims, including a bad faith claim against FMIC. (Mem. Op. & Order 3). The Court held that the Agreement bound Babcock to release its counterclaims against FMIC and granted FMIC's motion for summary judgment. (Mem. Op. & Order 7, 11).

Babcock now moves for reconsideration of the Court's order granting FMIC summary judgment, for a hearing on that motion, and to amend its answer. (Def.'s Mot. Recons. 1, DN 147; Def.'s Mot. Hr'g 1, DN 152; Def.'s Mot. Amend 1, DN 150).

1

## II.        JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00.

## III.        DISCUSSION

### A.        Motion for Reconsideration (DN 147)

While the Federal Rules of Civil Procedure do not expressly provide for a motion to reconsider, courts analyze such motions as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Rule 60(b).  *See Harvey v. United States*, No. 1:11-CR-24-TBR, 2017 WL 89492, at *1 (W.D. Ky. Jan. 9, 2017). The moving party has the burden of showing entitlement to relief.  *See Ayers v. Anderson*, No. 3:16-CV-00572-CRS, 2018 WL 3244410, at *1 (W.D. Ky. July 3, 2018) (citation omitted).

Fed. R. Civ. P. 59(e) gives district courts an opportunity to fix their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2015) (citation omitted).  Granting a Rule 59(e) motion is appropriate when there is:  "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citation omitted).  Such motions are "extraordinary and sparingly granted."  *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citation omitted).

In general, a motion to reconsider is not a platform to relitigate arguments previously considered and rejected.  *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003).  "[F]acts and arguments that should have been raised in the first instance are not

2

appropriate grounds for a motion for reconsideration." *Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying the motion to reconsider where the plaintiff failed to submit the evidence in question prior to the entry of the order and failed to show good cause why he could not have done so). A motion to reconsider may also not "be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (citation omitted).

Though not entirely clear, Babcock appears to assert that reconsideration is justified under the first or fourth justifications: that there has been clear error or the Court's decision was manifestly unjust. (*See* Def.'s Mot. Recons. 6-7). Babcock brings three arguments in support: (i) that there was mutual mistake; (ii) that FMIC provided no consideration for Babcock's release of its counterclaims; and (iii) that the dismissal clause is unconscionable. (Def.'s Mot. Recons. 7-14). With the exception of the unconscionability argument, these are all issues that Babcock raised previously in its response to FMIC's motion for summary judgment. (Def.'s Resp. Pl.'s Mot. Summ. J. 23-27, DN 127). The Court considered—and rejected—these arguments in its order granting summary judgment for FMIC. (Mem. Op. & Order 8-10). Babcock has not raised grounds compelling the Court to reconsider its decision on these issues. *See LLC Consulting v. Vowels*, No. 3:24-CV-00645-RGJ, 2025 WL 4231646, at *3 (W.D. Ky. Jan. 23, 2025) ("[A] motion to reconsider is not a platform to relitigate arguments previously considered and rejected." (citing *Am. Marietta Corp.*, 59 F. App'x at 672)).

Babcock's newly presented unconscionability argument must also be rejected. "Motions to reconsider must rely on new evidence and not information readily available during the prior proceedings." *Am. Marietta Corp.*, 59 F. App'x at 672. These motions cannot be used to introduce new evidence that could have been introduced at the summary judgment stage. *Id.* (citing *MacDermid Inc. v. Electrochemicals Inc.*, Nos. 96-3995, 96-4072, 1998 WL 165137, at *19 n.7

3

(6th Cir. 1998)).  To support its unconscionability argument, Babcock points to "both the vague language of the dismissal clause as well as the circumstances under which the revised agreement came into existence . . . ."  (Def.'s Mot. Recons. 13).  The language of the agreement and the circumstances of its creation were either known or readily discoverable at summary judgment.  The unconscionability argument could have been raised then.  Babcock's decision not to do so does not compel reconsideration.  *See Scrap Yard, LLC v. City of Cleveland*, No. 1:07-CV-1608, 2007 WL 9819242, at *1 (N.D. Ohio July 13, 2007) ("A motion to reconsider is not . . . a platform to launch arguments that should have been raised before the judgment was rendered."  (citation omitted)).  Accordingly, Babcock's motion is denied.[1]

### B.    Motion to Amend (DN 150)

Babcock also seeks to amend its answer to include additional counterclaims.  "The Court cannot amend a complaint under Fed. R. Civ. P. 15 unless the judgment has first been altered or vacated under Fed. R. Civ. P. 59 or 60."  *Tassy v. Lindsay Ent. Enters., Inc.*, No. 3:16-CV-77-RGJ, 2025 WL 1184124, at *2 (W.D. Ky. Apr. 23, 2025).  In addition, because the Scheduling Order (DN 30) had previously been entered setting a deadline of June 17, 2022, to amend the pleadings in this action, Babcock would also have to meet the requirements for Fed. R. Civ. P. 16, which it failed to address in this motion.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  Because the Court will not alter or vacate the judgment, Babcock's motion for leave to amend must be denied.  *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008); *Akins v. U.S. Bank, Nat'l Ass'n*, No. 2:18-CV-02725-SHM-DKV, 2019 WL 6878877, at *5 (W.D. Tenn. Dec. 17, 2019).

---

[1] Babcock also moves for a hearing on its motion for reconsideration.  (Def.'s Mot. Hr'g 1). Because a hearing would not be helpful in resolving the motion for reconsideration, Babcock's motion for a hearing is denied.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (DN 147), Defendant's Motion to Amend (DN 150), and Defendant's Motion for Hearing (DN 152) are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
July 29, 2026

cc:    counsel of record